MEMORANDUM **
Sri Agustini, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals’ (“BIA”) orders dismissing her appeal from an immigration judge’s (“IJ”) decision denying her application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”), and denying her motion for reconsideration. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion for reconsideration, Cano-Merida v. INS, 311 F.3d 960, 964 (9th Cir.2002), and we review for substantial evidence factual findings, Nagoulko v. INS, 333 F.3d 1012, 1015 (9th Cir.2003). We deny the petition for review.
Substantial evidence supports the agency’s finding that Agustini’s experiences in Indonesia, where she was never physically harmed, did not rise to the level of past persecution. See id. at 1014-18. Substantial evidence also supports the agency’s finding that even as a member of a disfavored group, Agustini was unable to demonstrate a well-founded fear of future persecution. Cf. Sael v. Ashcroft, 386 F.3d 922, 927-29 (9th Cir.2004). Moreover, the record does not compel the conclusion that there is a pattern or practice of persecution of Chinese Christian women in Indonesia. See Wakkary v. Holder, 558 F.3d 1049, 1060-62 (9th Cir.2009).
*213 Because Agustini did not establish asylum eligibility, it necessarily follows that she did not satisfy the more stringent standard for withholding of removal. See Zehatye v. Gonzales, 453 F.3d 1182, 1190 (9th Cir.2006).
Substantial evidence also supports the agency’s denial of CAT relief because Agustini did not demonstrate that is more likely than not she would be tortured if returned to Indonesia. See Wakkary, 558 F.3d at 1067-68.
The BIA did not abuse its discretion in denying the motion to reconsider because the motion failed to identify any errors of fact or law in the BIA’s prior order dismissing the appeal from the IJ’s denial of asylum, withholding of removal, and CAT relief. See 8 C.F.R § 1003.2(b)(1).
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.